John A. McLEOD

v.

UNITED STATES of America.

Civ. A. No. 4471–67.

United States District Court
S. D. Alabama, S. D.

Nov. 22, 1967.

Vincent F. Kilborn, Mobile, Ala., for plaintiff.

Mitchell Rogovin, Asst. Atty. Gen., Myron C. Baum, A. Jerry Busby, Department of Justice, Washington, D. C., Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., for defendant.

## OPINION AND ORDER

PITTMAN, District Judge.

Upon audit of the return of the taxpayer, John A. McLeod, for 1964, the Commissioner of Internal Revenue determined that the taxpayer was not entitled to claim three minor children as exemptions. This resulted in a deficiency being assessed against the plaintiff in the amount of $286.53. This deficiency plus interest was paid, and a claim for refund was filed and disallowed. This action for the recovery of tax and interest was then commenced. This cause is now before the Court on motions for summary judgment filed by both the plaintiff and the defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure. Jurisdiction is conferred by Title 28, Section 1346 of the United States Code. The facts of the case which are not in dispute are set out hereafter.

*On April 15, 1964,* Maggie Ionie Oliver physically delivered three of her minor children, Johnnie Mae Hursey, Janice Deneise Hursey, and Anthony Larmund Oliver, to the home and custody of the plaintiff, John A. McLeod, and his wife. *On that day* the mother of the three children gave her written consent to the adoption of the children by Mr. and Mrs. McLeod. *On April 27, 1964,* the McLeods filed their petition with the Probate Court of Mobile County for the adoption of these three children. Under the provisions of Title 27, Section 1 et seq., Code of Alabama, 1940, as amended, the Probate Court then referred the matter to the State Department of Pensions and Security. *On July 1, 1964,* the Department filed its report dated June 30, 1964, with the Probate Court, in which it determined that the McLeods were financially able and morally fit to adopt the children.

On November 9, 1965, the Probate Court issued an interlocutory order conditionally granting the petition for adoption of each of the three children. On September 16, 1966, the Probate Court issued a final decree declaring the three children to be legally adopted by the McLeods in accordance with the laws of the State of Alabama.

There is *no dispute* among the parties to the fact that the *children did reside continuously* in the home of the plaintiff *from* the day the mother consented to the adoption on *April 15, 1964,* until the final decree was issued in September of 1966 and were completely dependent upon the plaintiff for their support.

In his 1964 income tax return the plaintiff claimed the three children as exemptions. Upon audit of the tax return the Commissioner of Internal Revenue determined that the taxpayer was not entitled to claim as exemptions the three minor children, and assessed a deficiency against the taxpayer in the amount of $286.53 which was paid plus interest. A claim for a refund was filed and subsequently disallowed. This action was commenced for the recovery of the tax and interest.

The issue for the Court to determine is whether the plaintiff was entitled to claim as exemptions the three minor children who lived with and were supported by him *beginning in April 1964.*

Section 151(e) of the Internal Revenue Code of 1954 allows a $600 exemption for each of the taxpayer's dependents (as defined in Section 152) whose income for the year is less than $600. Relevant portions of Section 152(a) of the Code define a dependent as one of the following individuals over half of whose support for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer:

(1) A son or daughter of the taxpayer * * *

(9) An individual who, for the taxable year of the taxpayer, has as his principal place of abode the home of

the taxpayer and is a member of the taxpayer's household * * *.

Under the provisions of Section 152(b)(2) of the Code, for the purposes of subsection (1), a legally adopted child of an individual (and a child who is a *member of the individual's household, if placed with such individual by an authorized placement agency for legal adoption of such individual*) shall be treated as a child of such individual by blood.

To qualify as a dependent under Section 152(a) (9), a child must live with the taxpayer for the entire taxable year. Regulations Section 1.152–1(b). The children did not come to live with the taxpayer until April 15, 1964, and thus were not dependents of the plaintiff within the meaning of that subsection.

If the three children were "legally adopted" by the taxpayer, they would qualify as dependents under Section 152(a) (1) since under Section 152(b) (2) such "legally adopted" children are treated as a child of the taxpayer by blood. Neither the interlocutory decree nor the final decree of adoption was entered in 1964, thus during that year the three children involved were not "legally adopted" by the taxpayer under the provisions of Title 27 of the Code of Alabama.

In 1959 Public Law 86–376 amended Subsection (b) (2) of Section 152 to treat as a child by blood a child who is a member of an individual's household if placed with such individual by an authorized placement agency for legal adoption by such individual. It is under this section that the taxpayer contends that the three children qualify as dependents within the meaning of the Internal Revenue Code. Section 1.152–2(c) (2) of the Treasury Regulations on Income Tax, provides:

For any taxable year beginning after December 31, 1958, a child who is a member of an individual's household also shall be treated as a child of such individual by blood if the child was placed with the individual by an authorized placement agency for legal adoption pursuant to a formal application filed by the individual with the

agency. For purposes of this subparagraph an authorized placement agency is any agency which is authorized by a State, the District of Columbia, a possession of the United States, a foreign country, or a political subdivision of any of the foregoing to place children for adoption. * * *

The Government contends that the children were placed in the home for purposes of adoption by their mother and not by an authorized state agency and thus cannot qualify as dependents of the taxpayer. The Court cannot agree with this contention.

The Report of the Senate Finance Committee, Senate Report No. 913, September 8, 1959, recommending the passage of the act to amend the Internal Revenue Code of 1954 to provide a personal exemption for children placed for adoption states:

For 1959 and subsequent years, section 1 of the bill would *amend* the definition of a dependent for purposes of claiming a $600 dependency exemption to *treat in the same manner as a natural-born child* of an individual *not only a legally adopted child*, as is provided by present law, *but also a child placed* with him by an authorized placement agency *for legal adoption* by him *if* the child is a *member of the individual's household.* An exemption could already be claimed for such a child under present law (assuming other required tests are met) but generally only after he has been in the home of the taxpayer for an entire year. *The effect of the bill* is *to waive this "entire year" requirement* where the child is placed in the home by an authorized placement agency.

The requirement that this treatment be available only where the child is placed in the individual's home by an authorized placement agency is provided so that the Internal Revenue Service will have a means of distinguishing between cases where the child is placed in a home for adoption from cases where the custody of the child is tem-

porary and the individual has no intention of adopting the child. It is believed that this limitation will prevent abuse of the provision. U.S.Code Congressional and Administrative News, p. 2891. (Emphasis added.)

The three children were "physically placed" in the home of Mr. and Mrs. McLeod by their mother on April 15, 1964, and on that same day she gave her written consent to their adoption by the McLeods who promptly instituted proceedings in the probate court later in April. Section 2 of Title 27 of the Code of Alabama which provides for an investigation of the proposed foster parents by officials of the State Department of Pensions and Security states:

> If the report of the state department of public welfare or its duly authorized agents, as provided herein disapproves of the adoption of the child, motions may be made to the court to dismiss the petition.

The first report of the State Department of Pensions and Security was made to the court on July 1, 1964, giving its approval to the adoption. Had the agency disapproved, the appropriate motion to dismiss provided for in Section 2, Title 27 of the Alabama Code could have been made. *Thus, although the state agency did not "physically place" the three children in the home, nevertheless, at the time it issued its first report to the probate court, it gave its preliminary approval to the adoption proceedings and may be said to have "constructively placed"* the children in the home of the McLeods for the purpose of adoption by presenting its favorable report to the court. There is *no requirement in the Alabama adoption statutes that all children who are to be adopted be physically delivered to the home of their prospective foster parents by a state agency.* Rather, the *statute provides* that the state *agency* must give its *approval* to the adoption proceedings. This Court's holding that the approval of the state agency in its report to the probate court qualifies these children as members of the taxpayer's household "placed with such individual by an authorized placement agency for legal adoption" under Section 152(b) (2) of the Internal Revenue Code is entirely consistent with the legislative history of this section as expressed in the Senate Report. Supra. In cases, such as this, where the *children* are in the home of the prospective foster parents who have *formally petitioned the probate court for adoption* and where the *state department* of pensions and security pursuant to state law has *given its approval to the probate court,* then it is *clear that* the *children are in the home for the purposes of adoption* and the custody of the child is not merely for temporary purposes. The intent of the Congress in enacting this provision as outlined in the Report of the Senate Finance Committee is not frustrated, but rather it is fulfilled by such a holding. The plaintiff was entitled to claim the three children as dependents within the provisions of Section 152(b) (2) of the Internal Revenue Code.

For the foregoing reasons, it is hereby ordered, adjudged, and decreed that the motion of the Plaintiff for summary judgment be and the same is hereby granted. Plaintiff's counsel is to draft a proposed order in accordance with this opinion, submitting it to the attorney for the Defendant for approval as to the amount of the refund due the Plaintiff, and is then to submit it to the Court so that the appropriate order may be issued forthwith.